Per CuriaM.
 

 William Durham filed his petition in the Circuit Court, and therein states that a fine was assessed against him, by a court-martial for Blount County, for delinquency in not appearing when drafted. He states that he is a Quaker, and that he was twice drafted in succession. That this judgment is for the second fine, and that he knows not when or by whom the court-martial was holden. The return shows when and by whom, and that it was a * court-martial held under the laws of this State. The return does not state any notification.
 

 All inferior courts are erected by statute, and proceeding by or under the laws of the State, are subject to the superintendence of our Circuit Courts, who will, upon certiorari, reverse their proceedings for want of jurisdiction, or for the improper exercise of jurisdiction. Whether the court in this instance were rightly constructed, need not be inquired, for the party had not notice of the proceedings, and their judgment against him was void. The only question of difficulty is, can we interfere in this case, where the 'fine is assessed under a law of the United States ? The construction of the laws of the United States belongs to the courts of the Union, but it may, in some instances, be communicated to the State courts. Upon this subject, we may at all events go thus far. The United States claims this fine assessed by a State court-martial. So far, they recognize the authority of the State court. Of consequence they must recognize the authority of the State courts, which are constituted to superintend them, keep them within their proper limits, and to correct their proceedings when illegal, otherwise no court could. For how can a court of the United States get possession of the cause ? They cannot issue a
 
 certiorari
 
 to a State court. Then we come to this : either the State court had no power to act all, and then their judgment is void, or if it had power to act, then it is subject to the superintending tribunals of the State. In either case the State tribunal can interfere without taking upon itself to interpret a law of the Union. In exercising this power, it is most manifest that the assessment of this fine was void, the per
 
 *307
 
 son acted upon having no notice. The proceedings themselves do not show any notice to him, upon the face of them. He had no opportunity to appeal, for he did not know of the proceedings.
 

 * The proceedings of the court-martial must be quashed.
 

 See same case, 4 Hay. 69.